IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

        Plaintiff,                   No. CIV S-06-1304 DFL DAD P

     vs.

CALIFORNIA MEDICAL FACILITY,
et al.,

        Defendants.         ORDER
_____/

        Plaintiff, a state prisoner at the California Medical Facility (CMF), initiated this action by filing a petition for a writ of mandamus with the Solano County Superior Court. On June 15, 2006 defendants Dr. Oyeyemi, CMF Director Veal, and psych-technician Pena filed a notice of removal pursuant to 28 U.S.C. § 1441(c), and a document styled, "Defendants' Waiver Of Reply And Request For Screening Order." Subsequently, on July 27, 2006, defendants Dr. Lader, Dr. Reed, and Dr. Turner filed a notice of appearance and joined in the waiver and request. Thus, all defendants have waived their right to reply to the complaint and request that the court screen the complaint pursuant to 28 U.S.C. § 1915A. If the court does not dismiss the complaint in its entirety, defendants request that the court grant them sixty days from the date of of its order to file their responsive pleading. Plaintiff did not seek remand of this case back to state court. See 28 U.S.C. § 1447(c) (motion for remand must be made within 30 days after the

filing of the notice of removal).  Instead, plaintiff has filed several requests which are now before the court.

I.  Plaintiff's Motions for Voluntary Dismissal and to Vacate/Strike

On June 22, 2006, plaintiff filed a request for voluntary dismissal of this action.  However, on July 7, 2006 and July 24, 2006, plaintiff filed motions to vacate and strike his request for voluntary dismissal.  The court will grant plaintiff's motions to vacate/strike his earlier request for voluntary dismissal.

II.  Construing the Writ of Mandamus

Plaintiff initiated his state court action by filing a petition for writ of mandamus pursuant to California Code of Civil Procedure §§ 1085-1090.[1]  After the action was removed to this court, plaintiff requested that this case proceed as a writ for mandamus pursuant to California Code of Civil Procedure §§ 1087 to 1090 and 28 U.S.C. § 1651.  See Pl.'s Mot. to Vacate/Strike, filed 7/7/06 and 7/24/06, at 2.  Plaintiff insists that he is not proceeding with a civil rights action under 42 U.S.C. § 1983.

Plaintiff is informed that the Mandamus Act, 28 U.S.C. § 1651, is a jurisdictional provision and does not create a cause of action.  See Lights of America, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 130 F.3d 1369, 1370 (9th Cir. 1997) (holding that "courts must possess an independent source of jurisdiction before entertaining a request for a writ of mandamus.").  Moreover, Rule 81(b) of the Federal Rules of Civil Procedure abolished writs of mandamus and provides that "[r]elief heretofore available by mandamus . . . may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."  Therefore, the court will construe this action as a civil rights action brought under § 1983 because plaintiff's claims concern conditions of his confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

---

[1] California Code of Civil Procedure § 1085(a) provides:  "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins . . . and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person."

1991) (holding that the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983).

III. Request to Supplement the Complaint

On September 9, 2006, plaintiff filed a document styled, "Plaintiff Request To 'Supplement' His Filed Complaint With A Newly Discovered Evidence Exhibit To Substantiate Claims Of Prison Overcrowding." The court will deny plaintiff's request to supplement his complaint. However, because plaintiff's civil rights complaint suffers from numerous deficiencies, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint which cures the defects described below.

IV. Legal Standards for a Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

3

1 Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651
2 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must
3 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
4 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
5 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
6 411, 421 (1969).

7 V.  Plaintiff's Claims

8     A.  Refusal of Medical Treatment

9         Plaintiff contends that he has been prescribed lithium for the past ten years (1996
10 to 2006) for his bi-polar disorder and that he now wishes to discontinue this treatment.  Plaintiff
11 claims that he has a right to refuse treatment and to be removed from the EOP (Enhanced Out-
12 Patient) and the CCC-MS (Clinical Case Management/Category J) programs at the California
13 Medical Facility.  Plaintiff seeks a court order allowing him to "opt-out" of the Coleman and
14 Keyhea lawsuits.  In Coleman v. Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995), the district court
15 found that the medical care being provided to California prison inmates with serious mental
16 disorders violated the Eighth Amendment.  A special master was appointed by the court to
17 monitor compliance with the court-ordered injunctive relief, to provide expert advice to the
18 defendants "to aid in ensuring that their decisions regarding the provision of mental health care to
19 class members conform to the requirements of the federal constitution, and to advise the court
20 concerning issues relevant to assessing defendants' compliance with their Constitutional
21 obligations."  912 F. Supp. at 1324 n.63.  In Keyhea v. Rushen, 178 Cal. App. 3d 526 (Cal. App.
22 1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to
23 refuse antipsychotic medications except under certain limited circumstances."  In re Qawi, 32
24 Cal. 4th 1, 21 (Cal. 2004).

25         It is not clear from plaintiff's writ/complaint what provisions from the orders
26 entered in Coleman and Keyhea he alleges he must "opt-out" of in order to assert his right to

4

1 refuse his lithium treatment.  It is also unclear whether this claim is ripe since it appears that
2 plaintiff has not exercised his right to refuse his medication.  It is also unclear from plaintiff's
3 complaint whether he is alleging that medication has been administered to him involuntarily.
4 The extent of an inmate's right to refuse medication has recently been addressed as follows:

> Both California law and the Due Process Clause itself confer upon an inmate a right to be free from the arbitrary administration of antipsychotic medication. See Keyhea injunction, supra; Washington v. Harper, 494 U.S. 210, 221-22, 110 S. Ct. 1028, 108 L. Ed.2d 178 (1989). However, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Id. at 227. The decision whether to medicate an inmate against his will satisfies due process when facilitated by an administrative review by medical personnel not then involved in the inmate's treatment. Id. at 233. Due process does not require a judicial hearing before an inmate may be involuntarily medicated, does not require that the hearing be conducted in accordance with the rules of evidence, and does not require a "clear, cogent, and convincing" standard of proof. Id. at 228, 235. Due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. Id. at 235. Appointment of counsel is not required; the provision of a lay adviser who understands the psychiatric issues involved is sufficient protection. Id. at 236.

Wakefield v. Bortman, No. C 03-2870 SI (PR), 2004 WL 1811201 (N.D. Cal. Aug. 10, 2004) at *5.  Therefore, if plaintiff wishes to pursue this action, in his amended complaint he should provide factual allegations that address the legal standards governing such a Fourteenth Amendment claim.

     B.   Participation in Non-EOP Programs

     Plaintiff contends that because he is in the EOP program, he is not permitted to attend school, work, or trade programs which are offered to the general population.  Plaintiff claims violation of the Americans with Disabilities Act (ADA) as well as his rights to equal protection and due process under the Fourteenth Amendment.  Plaintiff indicates, however, that
/////

5

the EOP program does provide him with group counseling sessions, recreational yard, and other occupational therapy programs, including leather work, clay-pottery work and reading.

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In any amended complaint, plaintiff must clarify what specific program or services he has allegedly been denied and whether he has been denied participation in those programs or services because of his disability, rather than for some other administrative or security reasons.

The Equal Protection Clause, which ensures that similarly situated persons are treated alike, applies to prisoners. Turner v. Safley, 482 U.S. 78, 84 (1987); Plyler v. Doe, 457 U.S. 202, 216 (1982). In any amended complaint, plaintiff must provide allegations demonstrating that he was treated in a disparate manner for reasons that lacked a rational relationship to a legitimate state purpose. See San Antonio School Dist. v. Rodriguez, 411 U.S. 1, 40, 93 S. Ct. 1278, 1300 (1972).

As to his due process claim, the court finds that plaintiff has failed to state a cognizable claim. Prisoners do not have a constitutional right to various educational or vocational programs. Hoptowit v. Ray, 682 F.2d 1237, 1255 (9th Cir. 1982). Thus, this due process claim should not be included in any amended complaint which plaintiff may elect to file.

C. Overcrowding

Plaintiff claims that California prisons are overcrowded, exceeding their design capacity. Plaintiff contends that the crowded prisons create a safety risk for the inmates, staff and the public. Plaintiff seeks an order from the court requiring the California Department of Corrections and Rehabilitation and California Medical Facility to reduce the prison population.

In his amended complaint, plaintiff must provide specific allegations as to how his constitutional rights were violated and how he was injured as a result of the alleged overcrowding. This case is not a class action lawsuit and plaintiff, as a layperson, cannot

represent the interests of all prisoners in the California prison system. Therefore, the statewide remedy plaintiff seeks is not appropriate relief that may be sought in this action. Any remedy would be limited to redressing plaintiff's individual injuries, if any.

On September 5, 2006, plaintiff filed a request that the court take judicial notice of federal receiver Robert Sillen's report, submitted to U.S. District Judge Thelton Henderson in Plata v. Schwarzenegger, No. C01-1351 THE (N.D. Cal.) in which the delivery of medical services to all California state prisoners confined by the California Department of Corrections and Rehabilitation ("CDCR") is at issue. It is very doubtful that the report in question has any relevance to this action. Nonetheless, because plaintiff must clarify his overcrowding claim in his amended complaint, the request that judicial notice be taken of the report will be denied without prejudice.

   D.  Single-cell Status

In his final claim, plaintiff seeks restoration of his single-cell housing status pursuant to the Fourteenth Amendment. Plaintiff contends that for seven years, he was assigned to a single-cell and that he continues to meet the criteria for this type of housing. However, plaintiff alleges that because the prison population at CMF now exceeds its design capacity, plaintiff and other prisoners no longer have single-cells. Plaintiff argues that for public safety reasons, all prisoners at CMF should be placed in single-cells and that double-celling should be eliminated. Plaintiff requests an evidentiary hearing and temporary restraining order requiring that he be placed back in a single-cell.

According to attachments to his complaint, on October 12, 2005, plaintiff was placed on temporary single-cell status due to mental health issues. (Notice of Removal, Ex. A (Pet. for Writ of mandamus), Ex. B at 3-4.) The unit classification committee noted that plaintiff met the criteria for double-cell housing and that his single-cell status would be reviewed upon expiration of the temporary single-cell chrono. (Id., Ex. B at 4.)

/////

The court finds that plaintiff's exhibits do not support his contention that he requires single-cell housing. Furthermore, plaintiff's Fourteenth Amendment claim is not cognizable. Single-cell status has not been found to be a right protected by the Due Process Clause. Generally, prison classifications do not give rise to a federal liberty interest. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)).

In any amended complaint he may elect to file, plaintiff should not reassert this Fourteenth Amendment claim.

VI. Exhaustion of Administrative Remedies

Plaintiff is cautioned that his federal claims are subject to the exhaustion requirement. By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006).

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect

upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

On July 31, 2006, plaintiff filed a request that judicial notice be taken of attached documents which allegedly demonstrated that he had exhausted prison remedies. The court will deny plaintiff's request at this time. If he wishes, plaintiff may address the issue of exhaustion in an amended complaint and may submit the documents in question as an attachment to his amended complaint.

VII.  The Amended Complaint

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 22, 2006 request for voluntary dismissal is stricken;

2. Plaintiff's July 7, 2006 and July 24, 2006 motions to vacate/strike his voluntary dismissal are granted;

3. Plaintiff's July 31, 2006 motion and request for judicial notice is denied;

4. Plaintiff's September 5, 2006 request to supplement the complaint is denied;

5. Plaintiff's September 5, 2006 request for judicial notice of the Sillen report is denied without prejudice;

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question on the form; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

7. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

DATED: February 21, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
asha1304.14+