IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

    Plaintiff,                       No. CIV S-06-1304 RRB DAD P

    vs.

CALIFORNIA MEDICAL FACILITY, et al.,              <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a petition for writ of mandamus in the Solano County Superior Court. Defendants Oyeyemi, Pena and Veal removed the action to this court, and defendants Dr. Lader, Dr. Reed, and Dr. Turner joined in the removal. Subsequently, on February 22, 2007, the court informed plaintiff that because the Mandamus Act (28 U.S.C. § 1651), did not create a cause of action, the court would construed his petition as a § 1983 civil rights action. The court also directed plaintiff to file an amended complaint which is now before the court.

        In his original complaint, plaintiff claimed that the California prisons are overcrowded and exceed their design capacity. He alleged that the overcrowding created a safety

1

risk for inmates, the staff, and the public.  Plaintiff alleged that these conditions violated his rights under the U.S. Constitution and state law.  He sought a court order requiring the California Department of Corrections and Rehabilitation (CDCR) and the California Medical Facility (CMF) to reduce the prison population.

In an order filed February 22, 2007, the court advised plaintiff that he must provide specific allegations as to how his constitutional rights were violated and how he was injured as a result of the overcrowding at the California Medical Facility.  Plaintiff was also advised that in light of his pro se status, this case could not proceed as a class action lawsuit and that the statewide remedy he sought was not available relief in this action.

In his amended complaint, plaintiff continues to assert that the state-wide prison population and the inmate population at CMF exceeds the design capacities of the prison facilities.  Plaintiff contends that the overcrowding increases his exposure to communicable diseases, causes delays in obtaining medical appointments, increases racial tensions, reduces the availability of single-cells, and prevents prisoners from receiving daily showers.  Plaintiff requests that the court order defendants to reduce the prison population, to convert double cells back to single cells, to transfer prisoners in overcrowded prisons to "lesser overcrowded prisons[,]" and to release "low-level offenders and parole violators with non-violent/non-serious felonies" in order to reduce the overcrowding.  (Am. Compl. at 11.)  Plaintiff names CDCR Director James Tilton and CMF Warden Sue Hubbard as defendants.

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  Allegations of overcrowding, alone, are insufficient to state a claim under the Eighth Amendment.  See Rhodes v. Chapman,

1   452 U.S. 337, 348 (1981); <u>Balla v. Idaho State Bd. of Corr.</u>, 869 F.2d 461, 471 (9th Cir. 1989).
2   Rather, such a claim is cognizable where it is alleged that crowding has caused an increase in
3   violence or has reduced the provision of other constitutionally required services, or has reached a
4   level where the institution is no longer fit for human habitation.  See <u>Balla</u>, 869 F.2d at 471.
5   Here, plaintiff has not alleged specific injuries he has suffered due to the overcrowding.  "[A]
6   plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
7   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
8   do[.]"  <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).  "Factual
9   allegations must be enough to raise a right to relief above the speculative level[.]"  <u>Id.</u>  Here,
10  plaintiff has not provided any factual allegations which demonstrate that the alleged prison
11  overcrowding has caused him to suffer cruel and unusual punishment in violation of the Eighth
12  Amendment.  Plaintiff provides only speculative and  hypothetical injuries caused by the
13  overcrowding.  This is insufficient to state an Eighth Amendment claim.  See <u>Rounds v.</u>
14  <u>Woodford</u>, No. Civ. S-05-0555 GEB GGH, 2006 WL 3804661, *1 (E.D. Cal. Dec. 26, 2006).

15          Plaintiff was advised that he must allege in specific terms how each named
16  defendant was involved in the deprivation of his rights.  Plaintiff has named only supervisorial
17  defendants.  However, supervisory personnel are generally not liable under § 1983 for the actions
18  of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant
19  holds a supervisorial position, the causal link between him and the claimed constitutional
20  violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);
21  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
22  concerning the involvement of official personnel in civil rights violations are not sufficient.  See
23  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff has not provided any
24  allegations to demonstrate a causal link between the defendants and his Eighth Amendment
25  claim.
26  /////

The court will recommend that plaintiff's federal claims be dismissed for failure to state a claim.  Pursuant to 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

However, the district court may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  As indicated above, the court will recommend that the claims over which it has original jurisdiction be dismissed.  Therefore, the court will also recommends that to the extent that plaintiff continues to assert state law claims, those claims should be dismissed without prejudice to their refiling in state court.

On April 6, 2007, defendants Lader, Oyeyemi, Pena, Reed, Turner, and Veal moved that the court screen the plaintiff's amended complaint and that they be dismissed in light of the fact that plaintiff did not name them as defendants in his amended complaint.  Plaintiff argues that he has cured the deficiencies with his complaint and that defendants should be ordered to file their answer.  Plaintiff also argues that substitution of parties are allowed under Federal Rules of Civil Procedure 25(d) and that defendant Tilton replaces defendant Woodford, and that defendant Hubbard replaces defendant Veal.  The court will recommend that defendants' motion be granted and that the defendants Lader, Oyeyemi, Pena, Reed, Turner and Veal be dismissed since plaintiff has not named these defendants in his amended complaint.

On August 23, 2007, plaintiff filed an amended motion for judicial notice, for settlement conference and scheduling order, and for preliminary injunction requiring defendants to "set/establish ('caps') on the prison overcrowding[,]" and to place plaintiff in a single-cell. (Am. Mot. at 5.)  In light of these findings and recommendations, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 23, 2007 amended motion for judicial notice, for settlement conference and scheduling order, and for preliminary injunction is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants Lader, Oyeyemi, Pena, Reed, Turner, and Veal's April 6, 2007 motion that the court screen plaintiff's amended complaint be granted;

2. Defendants Lader, Oyeyemi, Pena, Reed, Turner, and Veal be dismissed;

3. Plaintiff's federal claims in his amended complaint, filed on March 13, 2007, be dismissed; and

4. To the extent that plaintiff has alleged state law claims, those claims be dismissed without prejudice to their refiling in state court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
asha1304.57