IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA S. ASHANTI,<br><br>        Plaintiff,<br><br>vs.<br><br>CALIFORNIA MEDICAL FACILITY, *et al.*,<br><br>        Defendants. | No. 2:06-cv-01304-JKS-DAD<br><br>ORDER |

      Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the California Superior Court, Solano County. The case was removed to this Court and referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On October 10, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Plaintiff has filed objections to the Findings and Recommendations.

      Plaintiff's objections may be summarized as follows: (1) the request by defendants Turner, Reed, Oyeymeni, Lader, Pena, and Veal for dismissal should be denied as moot; (2) defendants Tilton and Hubbard have been substituted for defendants Woodford and Veal, respectively, under Federal Rule of Civil Procedure 25(d),[1] and should be reinstated as defendants; (3) that it is unnecessary to dismiss state law claims because Plaintiff is not making any state law claims; and (4) he has alleged sufficient particularized injury to state a cause of action.

---

[1] Effective December 1, 2007, former Rule 25(d) is now Rule 17(d) without substantive change.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Objection 1 (Dismissal of Lader, Oyeyemi, Pena, Reed, Turner, and Veal).  In his Amended Complaint, filed with leave of court, Plaintiff omits Lader, Oyeyemi, Pena, Reed, Turner, and Veal as named defendants.[2]  He also added on the signature page a request that they be dismissed under Rule 41(a), Federal Rules of Civil Procedure.  Although he acknowledges that he is no longer pursuing this action as against those six defendants, Plaintiff contends he has already dismissed them and the issue is, therefore, moot.  Whether Plaintiff's notice, appended as the equivalent of a footnote to the amended complaint, satisfies Rule 41(a)(1) is, at best, questionable and subject to debate.  However, it is clear that Plaintiff does not object to their dismissal, only the procedure followed to effectuate dismissal.

Objection 2 (Dismissal of Tilton and Hubbard).  The Court concurs that Tilton and Hubbard may be substituted for their respective predecessors in interest.  However, Plaintiff has misconstrued the Magistrate Judge's findings.  Tilton and Hubbard are to be dismissed, if at all, upon dismissal of the amended complaint as against all defendants, not that they are in any way improperly named or joined as defendants in this action.

Objection 3 (dismissal of state law claims).  Plaintiff contends he is not making any state law claims and does not intend to pursue them.  However, in his Amended Complaint, in addition to his cruel and unusual punishment claim under the Eighth Amendment to the United States Constitution, Plaintiff has alleged a violation of California Constitution, Article 1, Section 17.  This constitutes a claim under state law.

Objection 4 (failure to state a cause of action).  In his Amended Complaint, Plaintiff identified two particularized injuries: (1) showers restricted to every other day; and (2) delay in

---

[2] In his amended complaint, Plaintiff names only two individuals as defendants: James Tilton, Director of the California Department of Corrections and Rehabilitation, and Sue Hubbard, Warden of the California Medical Facility.

ORDER
*Ashanti v. California Medical Facility*,
2:06-cv-01304-JKS-DAD                                        2

receiving medical treatment.  In his amended motion for a preliminary injunction at Docket No. 26, Plaintiff adds as a particularized claim that he has contracted hepatitis-C as a result of being forced to share his cell with another inmate.  While the latter particularized harm is not part of the Amended Complaint, given the requirement that this Court construe documents submitted by *pro se* parties liberally, the Court will treat the hepatitis-C allegation in the amended motion for injunctive relief as a supplemental pleading under Rule 15(d).

Plaintiff cites no authority for the proposition that limiting showers to every other day constitutes cruel and unusual punishment and independent research by the Court did not discover any such authority.  As stated by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 102–103 (1976) (internal quotation marks and citations omitted), the scope of the Eighth Amendment proscription on cruel and unusual punishment may be stated, in the abstract, as:

> The Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . . , against which we must evaluate penal measures.  Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society. . ., or which involve the unnecessary and wanton infliction of pain.

Limiting showers to every other day hardly rises to this level and does not, as a matter of law, constitute cruel and unusual punishment.

It is clear that deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain.  *Estelle*, 420 U.S. at 104-05.  Although Plaintiff has shown a significant delay in referring him to an outside consultant, the exhibits attached to the Amended Complaint do not show a deliberate indifference.  At most they show negligence in processing the referral to an outside consultant, which is insufficient.  *Estelle*, 429 U.S. at 105-06  Where the claim is based upon delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Plaintiff has failed to plead such harm.

The hepatitis-C allegation presents a somewhat different situation.  Accepting as true his allegations that he contracted hepatitis-C as a result of an infected cell-mate's use of his personal

toothbrush, it stemmed from the fact that he was in a two-person cell not a single cell.  The Constitution "does not necessitate comfortable prisons," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)), nor is the Eighth Amendment a mandate for "broad prison reform" or excessive federal judicial involvement.  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  However, the Eighth Amendment does not permit inhumane conditions, and prison conditions are subject to scrutiny under its provisions.  *Farmer*, 511 U.S. at 832.  Although Plaintiff has alleged, which the Court accepts at this stage as true, that the cell in which he is housed was designed as a single-person cell and he is now forced to share that cell with another, that does not necessarily render the condition inhumane.  The fact that he is housed with a cellmate who uses, without his permission, his personal hygiene items is insufficient, standing alone, to establish that the condition is inhumane.  However, if Plaintiff was knowingly housed with a cellmate infected with hepatitis-C and as a result Plaintiff contracted hepatitis-C, it could constitute cruel and unusual punishment under the Eighth Amendment.  Accordingly, assuming that Plaintiff can in good faith allege he was assigned to share a cell with a person known to have hepatitis-C, Plaintiff will be granted leave to file an amended complaint naming the person or persons responsible for making cell assignments.

  Finally, the Court must question whether it can provide relief in this case given the named defendants, the Director of the California Department of Corrections and Rehabilitation and the Warden of the California Medical Facility.  Certainly the Director of CDC&R has the requisite authority to move prisoners from one facility to another and both the Director and CDC&R and Warden have the requisite authority to place Plaintiff in a single person cell, relief to which, under the pleadings in this case, Plaintiff is not entitled even if the Court were to rule in his favor on the overcrowding issue.  However, neither the Director of CDC&R nor the Warden of CMF have any apparent authority or control over the number of prisoners confined, nor does it appear that either of them has the authority under California law to release prisoners.

  The Court further notes that the same underlying overcrowding issue presented in this case is also before the three-judge panel in a case pending in this district brought against the state officials having the authority to implement the relief sought.  *Coleman v. Schwarznegger*, 2:90-

cv-00520-LKK-JFM.³  Even if the Court were not inclined to dismiss the case as it is presently framed, it would be inclined, in the interests of judicial efficiency, to stay further proceedings pending the final outcome in *Coleman v. Schwarznegger*.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Except as modified herein, the Findings and Recommendations filed October 10, 2007, are adopted;

2. The motion to screen by defendants Lader, Oyeyemi, Pena, Reed, Turner, and Veal at Docket 19 is GRANTED in part, and DENIED, in part;

3. The Amended Complaint at Docket No. 17 as against defendants Lader, Oyeyemi, Pena, Reed, Turner, and Veal is DISMISSED;

4. All federal claims set forth in the Amended Complaint at Docket No. 17 are DISMISSED in their entirety as against all defendants, without prejudice, for failure to state a claim upon which relief may be granted;

5. Plaintiff is granted leave to file a second amended complaint naming the person or persons responsible for knowingly assigning him to share a cell with an inmate infected with hepatitis-C; and

6. If Petitioner does not file a second amended complaint within 30 days of the date this order is entered, or such later time as the Court may allow, final judgment dismissing the federal claims, without prejudice, and remanding the state-law claims to the California Superior Court, Solano County, will be entered without further notice.

Dated: February 8, 2008

                                                  s/ James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  United States District Judge

---

³ Of which the Court takes Judicial Notice.  Fed. R. Evid. 201.